UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROXANNE HELLING, <br><br> Plaintiff, <br><br> v. <br><br> ALASKA AIRLINES, INC., <br><br> Defendant. | Case No. C16-478RSL <br><br> ORDER REGARDING ATTORNEY'S FEES AND LITIGATION EXPENSES |

This matter comes before the Court on plaintiff's "Motion for Award of Fees and Litigation Expenses." Dkt. # 17. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows.

## I. BACKGROUND

Plaintiff Roxanne Helling brought this matter's underlying action against defendant Alaska Airlines, Inc. based on state and federal statutes that provide for the recovery of reasonable attorney's fees and litigation expenses by prevailing plaintiffs. See 29 U.S.C. § 2617(a)(3); RCW § 49.60.030(2); id. § 49.78.330(3). The parties disposed of the underlying action in a judgment, offered and accepted pursuant to Federal Civil Rule 68, which settled on a principal amount of $90,000, but left fees and expenses to be determined by the motion before the Court. Dkt. # 26. Plaintiff seeks $64,872.50 in attorney's fees and $4,367.03 in litigation expenses. Dkt. # 17; Dkt. # 22 at 6. Defendant does not object to the requested litigation expenses, but asks that the Court reduce the requested attorney's fees by roughly half. Dkt. # 20.

ORDER REGARDING ATTORNEY'S FEES AND LITIGATION EXPENSES - 1

## II. DISCUSSION

In determining a presumptively reasonable fee amount, courts apply the lodestar method of multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). The reasonable hourly rate refers to prevailing rates charged by attorneys of comparable skill and experience in the relevant community. See Blum v. Stetson, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975). Those factors—the "Kerr factors"—include the degree of success obtained and the novelty and difficulty of the issues. Id. at 69–70.

**A. Reasonableness of Rates and Hours**

With respect to the rates submitted, declarations submitted by the attorneys who litigated plaintiff's case adequately present their experience compared to comparable attorneys in this district, Dkt. ## 18, 19; see United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990), and defendant does not appear to challenge the reasonableness of those rates.

Regarding the hours requested, the burden of documenting those hours falls on the party seeking fees. Hensley, 461 U.S. at 433. As noted, the Court excludes excessive, redundant, or otherwise unnecessary hours. Id. at 434. Intra-office conferences between counsel, absent persuasive justification, may be excluded from an award as unnecessary and duplicative. See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

Plaintiff counsel has submitted time entries, Dkt. # 18, which the Court has reviewed. The Court will not award fees for time spent discussing the case between attorneys in the same office or reviewing edits from co-counsel. The Court will likewise deduct time plaintiff's attorneys spent generally discussing the case with their own client, because that type of activity is analogous to an intra-office conference. The Court will also deduct time for entries that appear purely administrative, including vague entries like "Review case file status." Dkt. # 18 at 11.

1  Based on those determinations, the Court will deduct $8,507.50 from plaintiff's requested fees.
2  The Court finds the remaining hours requested to be reasonable. The Court calculates the
3  lodestar by deducting $8,507.50 from $64,872.50, the amount represented by plaintiff counsel as
4  otherwise equaling the hours expended multiplied by applicable billing rates. That deduction
5  yields a lodestar of $56,365.00.

**B.     Adjustment of the Lodestar**

Defendant argues the lodestar should be reduced based on several <u>Kerr</u> factors. Dkt. # 20. First, defendant argues that the results obtained were unsuccessful and do not justify the fee award plaintiff seeks. In particular, defendant argues plaintiff counsel did not succeed, because the principal amount in the parties' agreed-upon judgement is less than the damages figure plaintiff invoked during discovery. A judgment offer pursuant to Rule 68 differs from an ordinary settlement offer, because a plaintiff incurs additional risks by rejecting a Rule 68 offer. <u>See</u> Fed. R. Civ. P. 68(c) (requiring offeree to pay costs incurred after unaccepted offer if final judgment is not more favorable). The principal judgment amount must be weighed in the context of the risks, costs, and inconvenience plaintiff avoided by accepting defendant's Rule 68 offer and foregoing further litigation. That plaintiff accepted defendant's Rule 68 offer does not amount to a failure on counsel's part.

Defendant also argues that work following an unsuccessful mediation was unnecessary, because plaintiff's ultimate recovery was less than a settlement offer at the mediation. First, it is not clear the mediation offer was actually more generous, because there is no indication whether it included fees and expenses. Second, it was reasonable for counsel to continue working on plaintiff's case after the mediation failed. Finally, the Court rejects defendant's reasoning based on the difference explained above between an ordinary settlement offer and a Rule 68 offer.

Defendant also invites the Court to reduce the lodestar because this case did not present novel or difficult issues for an experienced law partner like plaintiff's lead attorney. Without defendant articulating why particular work was unnecessary or excessive, the Court will not reduce the overall lodestar based on plaintiff counsel's experience with matters like this.

ORDER REGARDING ATTORNEY'S FEES AND LITIGATION EXPENSES - 3

Finally, the Court rejects the arguments that a partner unnecessarily attended mediation and that the case was overstaffed. Having reviewed the entries submitted and deducted time where appropriate, the Court is satisfied the remaining work, including the attorneys and staff who performed it, was reasonable. The Court finds no basis to adjust the lodestar.

### III. CONCLUSION

For the foregoing reasons, the Court awards plaintiff attorney's fees in the amount of $56,365.00, and litigation expenses in the amount of $4,367.03. The Clerk of Court is hereby ordered to enter an amended judgment consistent with this order.

DATED this 6th day of December, 2017.

Robert S. Lasnik
United States District Judge